IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ELIZABETH ANN MIRABITO,

        Plaintiff,        Civil Action No.
                                  5:13-CV-0462 (DEP)

   v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

---

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

OLINSKY LAW GROUP         HOWARD D. OLINSKY, ESQ.
300 S. State Street             JILLIAN C. KARAS, ESQ.
5th Floor, Suite 520
Syracuse, NY 13202

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN    PETER W. JEWETT, ESQ.
United States Attorney         Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Plaintiff Elizabeth Ann Mirabito, who has successfully challenged a determination by the Acting Commissioner of Social Security ("Acting Commissioner") denying her application for Social Security benefits, now seeks recovery of costs and attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  The Acting Commissioner has filed no opposition to plaintiff's application.  For the reasons set forth below, with one minor exception, plaintiff's application is granted.

I.    BACKGROUND

Plaintiff commenced this action on April 24, 2013, requesting judicial review of an adverse administrative determination by the Acting Commissioner denying her application for disability insurance benefits, pursuant to 42 U.S.C. § 405(g).  Dkt. No. 1.  In accordance with this court's protocol set forth in General Order No. 18, the matter was considered, once issue was joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Oral argument concerning the matter was conducted on January 10, 2014, during a telephone conference held on the record.  Text Minute Entry Dated January 10, 2014.  At the close of argument, I issued a bench

decision in which, after applying the requisite deferential standard of review, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and was not supported by substantial evidence, and that the Acting Commissioner's determination should therefore be vacated and the matter remanded to the agency for further proceedings.[1]  *Id.*  That bench decision was followed by a written order, dated January 21, 2014, and the subsequent entry of judgment in plaintiff's favor on that same date.  Dkt. Nos. 15, 16.

On February 28, 2014, having succeeded in overturning the Acting Commissioner's determination, plaintiff filed a motion seeking the recovery of costs and attorney's fees, pursuant to the EAJA.  Dkt. No. 16.  In that application, plaintiff seeks recovery for (1) 43.5 hours of attorney work performed in 2013 and 2014, to be compensated at an hourly rate of $192.29; (2) one hour of administrative work, to be compensated at a rate of $80.00 per hour; and (3) recovery of costs in the amount of $14.43 for service of the summons and complaint.  *Id.*; *see* Dkt. No. 16-1.  The total amount sought is $8,459.05.

---

[1]  This matter is before me on consent of the parties, pursuant to 28 U.S.C. § 636(c).  Dkt. No. 7.

II. DISCUSSION

The EAJA provides, in relevant part, as follows:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in a civil action, including proceedings for judicial review of agency action, . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). To qualify for recovery under the EAJA, the plaintiff must demonstrate that (1) she is a prevailing party; (2) she is eligible to receive an award; and (3) that position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B); *see also Smith v. Astrue,* No. 10-CV-0053, 2012 WL 3683538, at *1 (N.D.N.Y. Aug. 24, 2012) (Suddaby, J.); *Coughlin v. Astrue*, No. 06-CV-0497, 2009 WL 3165744, at *1 (N.D.N.Y. Sept. 28, 2009) (Mordue, J.). In addition, she must submit an itemized statement from the attorney appearing on her behalf detailing the time expended and the rates at which the fee request is calculated. *Id.* In the event that plaintiff satisfies these criteria, the plaintiff's EAJA request may nonetheless be denied upon a finding of special circumstances making an award unjust. 28 U.S.C. § 2412(d)(1)(A); *see also Coughlin*, 2009 WL 3165744, at *1.

When determining the appropriate amount to award under the EAJA in a case of this nature, the court retains broad discretion. *Smith*, 2012 WL 3683538, at *1. In exercising that discretion, the court must consider the specific facts of the case at hand. *Id.* at *2; *see also Coughlin*, 2009 WL 3165744, at *2. Upon reviewing an EAJA application, however, the court is not required to scrutinize each and every time entry, and may make a flat, across-the-board reduction based upon its knowledge of the case and in the sound exercise of its discretion. *Id.* at *3; *Smith,* 2012 WL 3683538, at *2.

Plaintiff's application seeks recovery for a total of 43.5 hours of attorney time expended in connection with her efforts to overturn the Acting Commissioner's determination. It is true, as the defendant argues, that courts in this circuit have frequently posited that an attorney typically will spend an average of between twenty and forty hours on a routine Social Security case. *See Coughlin*, 2009 WL 3165744, at * 2 (collecting cases); *Mills v. Colvin*, No. 11-CV-0955, 2013 WL 1499606, at *3 (N.D.N.Y. Apr. 11, 2013) (Sharpe, J.); *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008). This is not an unyielding rule, however, and courts in this and other districts have compensated attorneys in similar situations for more than forty hours of labor. *See, e.g., Smith,* 2012 WL

3683538, at *2 (awarding $10,998.15 in attorney's fees, reflecting 53.00 hours of attorney time); *Scott v. Astrue*, 474 F. Supp. 2d 465, 467 (W.D.N.Y. 2007) (awarding EAJA fees for 51 hours of attorney time); *Kania v. Shalala*, No. 91-CV-0766, 1995 WL 307604, at *3-4 (W.D.N.Y. May 10, 1995) (awarding EAJA fees for 58.65 hours of attorney time).

Having carefully reviewed plaintiff's fee application in the light of the Acting Commissioner's opposition, and based upon my knowledge of the case, I conclude that the amounts sought are not inherently unreasonable. I do find, however, that plaintiff's attorneys are not entitled to be compensated for administrative services, since they appear to represent the type of overhead, non-legal services that are not recoverable under the EAJA. *Hosking v. Astrue*, No. 10-CV-0064, 2010 WL 4683917, at *2 (D. Conn. Oct. 1, 2010) (citing cases). I will therefore reduce plaintiff's application by the amount of $80.00.

III. SUMMARY AND AWARD

Based upon the foregoing and her application, plaintiff is hereby awarded a total of $8,379.05, representing compensation for 43.5 hours of attorney work, to be paid at a rate of $192.29 per hour, and costs of

serving the summons and complaint in the action, in the amount of $14.43.[2]

Based upon the foregoing it is hereby

ORDERED as follows:

(1) Plaintiff's motion for costs and attorney's fees (Dkt. No. 16) is GRANTED, in part, and DENIED, in part.

(2) Plaintiff is hereby awarded costs and attorney's fees, pursuant to the EAJA, in the amount of $8,379.05;

(3) In complying with this order, defendant shall make the award payable to the plaintiff, but is permitted to mail a check complying with this order directly to plaintiff's counsel.

Dated: April 3, 2014
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[2] I note that, although plaintiff requests that the fee award be paid directly to counsel based upon an apparent waiver of direct payment, under the law in the Second Circuit, any EAJA recovery in the form of a check must be made payable to the plaintiff, and not her attorneys. *See Mills*, 2013 WL 1499606, at *4. Defendant may, however, mail the check to plaintiff's attorney in recognition of the agreement between counsel and client. *Smith,* 2012 WL 368353, at *3.